UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------x
WILLIAM LEE, ADMINISTRATOR AD :
PROSEQUENDUM OF THE ESTATE OF :
WARREN LEE and FOR THE NEXT OF KIN : Civ. No. 07-CV-4909 (FSH)
OF WARREN LEE, :
 :
                      Plaintiffs, :
 : **AMENDED COMPLAINT**
            v. : **AND JURY DEMAND**
 :
THE CITY OF NEWARK, THE NEWARK :
POLICE DEPARTMENT, LIEUTENANT :
NEIL MINOVICH, SERGEANT ANTHONY :
COSTA and JOHN DOES 1-10, THE UNKNOWN :
POLICE OFFICERS, AGENTS AND/OR :
EMPLOYEES OF THE CITY OF NEWARK :
AND THE NEWARK POLICE DEPARTMENT, :
 :
                      Defendants. :
 :
------------------------------------------------------------------x

      Plaintiff William Lee, Administrator Ad Prosequendum of the Estate of Warren Lee and for the Next of Kin of Warren Lee, by and through their attorneys, complaining of the defendants, allege as follows:

### NATURE OF ACTION

    1.    This is an action for compensatory and punitive damages for violation of the constitutional rights of plaintiffs, pursuant to 42 U.S.C. §1983, and for violations of state law.

### JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343 for claims arising under Section 1983 and on 28 U.S.C.

§1367 for state law claims. Plaintiff's seek attorney fees pursuant to 42 U.S.C. §1988.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that one or more of the Defendants reside within this District, and the events giving rise to the claims asserted herein occurred within this District.

## PARTIES

4. Plaintiff William Lee, residing at 145 Sherman Avenue, Newark, New Jersey is the father of Warren Lee and duly appointed Administrator ad Prosequendum of his estate. A copy of the Essex County Surrogate Letters Administration Ad Prosequendum dated January 10, 2007 is annexed to this Complaint.

5. Defendant The City of Newark (hererafter "City") is a public entity organized under the laws of the State of New Jersey.

6. Defendant The Newark Police Department (hereafter "NPD") is a division and/or department of the City of Newark entrusted with certain responsibilities, amongst others, enforcing federal, state and city laws and ordinances and otherwise ensuring the safety of the people and property within the jurisdictional limits of the City.

7. At all times relevant to this action, defendants Lieutenant Neil Minovich (hereafter "Minovich") and Sergeant Anthony Costa (hereafter "Costa") were and are police officers and/or employees of defendant Newark Police Department and/or The City of Newark.

8. John Does 1-10 are fictitious names for any and all presently unknown persons who were at all times relevant to this Complaint, agents, representatives, servants and/or employees of the Newark Police Department, who were involved or in any way responsible for the events described in this Complaint. They are being sued both individually and in their official capacities.

## FACTUAL ALLEGATIONS

9. On October 12, 2006 at approximately 4:40 p.m., plaintiff's decedent Warren Lee was seated inside a parked car on Sherman Avenue in the City of Newark and State of New Jersey when he was approached by Lieutenant Neil Minovich and Sergeant Anthony Costa.

10. Believing that there were illegal drugs in the car or on Warren Lee's person, Lieutenant Neil Minovich and Sergeant Anthony Costa proceeded to detain and arrest Warren Lee.

11. As they proceeded with the aforementioned arrest of Warren Lee, Minovich and Costa became extremely violent, viciously beating and punching Warren Lee despite no provocation on the part of Warren Lee.

12. Even when it became evident that Warren Lee was seriously injured and was choking and/or gasping for air, Minovich and Costa continued to beat and punch Warren Lee, finally throwing him out of the car and onto the street.

13. As he lay on the street, it was evident that Warren Lee was seriously injured, was choking and/or was gasping for air and was in need of immediate medical attention.

14. Despite Warren Lee's obvious need for medical attention, Minovich and Costa failed to render appropriate assistance or call an ambulance in a timely manner.

15. When confronted by witnesses urging Minovich and Costa to assist Warren Lee in that he was choking, Minovich and/or Costa remarked "he's faking".

16. In addition to their failure to offer Warren Lee assistance, Minovich and Costa did not allow any of the witnesses in the immediate area to help him.

17. Minovich and Costa disregarded the obvious fact that Warren Lee had lost consciousness, failing to provide medical care or assistance when the need was plainly apparent.

18. By the time an ambulance finally arrived at the scene, it was too late to save the life

of Warren Lee, who was later pronounced dead.

19. The death of Warren Lee was caused solely and wholly by reason of the negligence and intentional conduct of the defendants.

20. An autopsy conducted by the State Medical Examiner confirmed that Warren Lee had, in fact, been choking, citing airway obstruction as a cause of death.

21. The autopsy further noted abrasions, contusions and swelling in various areas on Warren Lee's body which were suffered at the hands of Minovich and Costa during the arrest.

22. At all times, defendants Minovich and Costa acted within the scope of their employment and under color of state law.

23. Prior to October 12, 2006, there were numerous complaints of excessive force, racial bias and corruption against members of the City of Newark Police Department and testimony on these issues has been given to the Newark Municipal Council.

24. Upon information and belief, Minovich and Costa have been the subject of complaints of excessive force, corruption and/or racial bias against African American individuals.

25. On or about January 10, 2007, in accordance with the provisions of the New Jersey Tort Claims Act, plaintiff filed a Notice of Claim with the defendants stating the basic facts given rise to the cause of action herein.

26. It has been more than six months from the date that plaintiff's tort claim was filed with defendants.

27. The actions of the defendants were shocking, reckless and willfully indifferent to the Constitutional rights of Warren Lee.

## FIRST CAUSE OF ACTION
### Assault and Battery (against all defendants)

28.     Plaintiff repeats the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein at length.

29.     At all times relevant herein, defendants Minovich, Costa and John Does were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and/or officers of the City and NPD, and were otherwise engaged in conduct incidental to the performance of their official functions in the course and scope of their duties. They were acting for and on behalf of the City and NPD at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and NPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the City and NPD.

30.     Defendants Minovich and Costa, at the above-mentioned time and place, assaulted and battered plaintiff's decedent Warren Lee with malicious intent and with an aim towards seriously harming plaintiff's decedent and inflicting severe and serious physical and psychological injury upon him.

31.     Plaintiff's decedent Warren Lee was not engaged in any act that would necessitate, warrant, justify or permit the use of the level of force exercised by defendants. Plaintiff's decedent posed no imminent danger to defendants as he was unarmed and did not in any way retaliate to the violent acts being perpetrated against him by defendants.

32.     As a direct and proximate result of the above-stated actions of defendants which were in direct violation of the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:8-7, et seq., as applicable to the common laws governing assault and battery, Warren Lee sustained personal injuries, pain and suffering, fear and emotional distress up until the time of his death.

33. The actions of defendants Minovich and Costa were intentional, wanton, malicious and oppressive, entitling plaintiff to an award of punitive damages.

34. Defendants City and NPD are liable for the above-mentioned acts and omissions of defendants Minovich and Costa, who were acting in the scope of their employment at the time of this incident.

**WHEREFORE,** plaintiff demands judgment against defendants on the First Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00 and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION
### Violations of 42 U.S.C. 1983 (against all defendants)

35. Plaintiff repeats the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein at length.

36. The acts of the defendants City, NPD, Minovich, Costa and John Does 1-10 constitute a violation of plaintiff's decedent's constitutional rights under the United States Constitution and were committed under color of State Law. The acts either shocked the conscience and/or exhibited a willful, deliberate and/or reckless disregard for the rights of plaintiff's decedent.

37. Said defendants, individually and/or jointly and under color of State law, deprived plainitff's decedent of his constitutional and civil rights by, among other things:

   a. Depriving plaintiff's decedent of his constitutional right to due process;

   b. Depriving plaintiff's decedent of his constitutional right to equal protection of the laws;

    c. Depriving plaintiff's decedent of his constitutional right to be free of acts of racial profiling and/or racial discrimination;

    d. Subjecting plaintiff's decedent to unlawful and excessive use of force;

    e. Subjecting plaintiff's decedent to an unlawful assault and battery;

    f. Improperly screening, hiring, training, supervising, disciplining and retaining, dangerous police officers, including but not limited to defendants Minovich, Costa and John Does;

    g. Implementing and condoning a policy using unconstitutional, excessive force;

    h. Failing to correct unconstitutional polices and/or practices;

    i. Failing to provide necessary medical care and putting plaintiff's decedent in danger;

    j. Failing to timely secure medical care and putting plaintiff's decedent in danger; and

    k. Improperly investigating, reporting and attempting to cover-up the unlawful actions of the defendants.

38. The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. §1983, for a violation of plaintiff decedent's civil and constitutional rights under color of State law.

39. As a result of the above-mentioned acts, plaintiff's decedent suffered severe personal injuries and conscious pain and suffering leading directly to his death.

**WHEREFORE,** plaintiff demands judgment against defendants on the Second Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00 and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper.

## THIRD CAUSE OF ACTION
### Deliberate Indifference to Serious Medical Needs: 42 U.S.C. §1983
### (against all defendants)

40.     Plaintiff repeats the allegations set forth in paragraphs 1 through 39 of this Complaint as if fully set forth herein at length.

41.     By deliberately, intentionally, wantonly and/or recklessly failing to provide medical care and/or assistance to the plaintiff's decedent while he was in custody when such care or assistance was clearly needed, the defendants, City, NPD, Minovich, Costa and John Does, acting individually and jointly, were deliberately indifferent to plaintiff decedent's serious medical needs.

42.     The aforementioned deliberate indifference to plaintiff decedent's serious medical needs by the above-named defendants acting under color of state law deprived the plaintiff's decedent of his constitutional rights in violation of the laws of the Eighth and/or Fourteenth Amendments of the Constitution of the United States and in violation of 42 U.S.C. §1981, 1983, 1985(3) and 1988.

43.     As a direct and proximate result of the deliberate indifference of defendants to plaintiff decedent's serious medical needs which were caused by the aforesaid actions of the defendants, including the defendants' use of excessive force, plaintiff sustained serious injury and conscious pain and suffering up until the time of his death.

**WHEREFORE**, plaintiff demands judgment against defendants on the Third Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00 and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### Negligent Hiring, Training, Supervision and Retention: 42 U.S.C. §1983
### (against defendants City and NPD)

44. Plaintiff repeats the allegations set forth in paragraphs 1 through 43 of this Complaint as if fully set forth herein at length.

45. Defendants City and NPD failed to effectively screen, hire, train, supervise and discipline its officers, employees and/or agents, including but not limited to defendants Minovich, Costa and John Does for their propensity for lack of truthfulness, use of excessive force, acts of racial discrimination, drug and alcohol use, and the likelihood that they would deny citizens such as the plaintiff's decedent of their constitutional rights as guaranteed under the federal Constitution and under State law.

46. Notwithstanding that, prior to the violation of plaintiff decedent's rights, as set forth herein, defendants City and NPD had actual and/or constructive knowledge of previous violations of civil rights by defendants Minovich, Costa and John Does, defendants City and NPD elected not to take proper steps to train, supervise, reprimand, discipline or cease the employment of defendants Minovich, Costa and John Does, so as to insure that no further and future violations of civil rights would occur.

47. This election by defendants City and NPD not to properly train, supervise, reprimand, discipline or cease employment of defendants Minovich, Costa and John Doe constituted a deliberate indifference to the need to properly train, supervise, reprimand, discipline or cease employment of defendants Minovich, Costa and John Doe, as well as a deliberate indifference to the rights and needs of the citizens of Newark, including but not limited to the plaintiff's decedent, whose rights were likely to be violated by these same defendants in the future.

48. This election by defendants City and NPD not to properly train, supervise,

reprimand, discipline or cease employment of defendants Minovich, Costa and John Does constituted a ratification of the unconstitutional acts and violations of civil rights by defendants Minovich, Costa and John Doe, as well as a *de facto* policy by defendants City and NPD acquiescing to such unconstitutional acts and violations of civil rights, thus making it likely that defendants Minovich, Costa and John Does would engage in conduct that would violate the civil and constitutional rights of the public, including but not limited to the plaintiff's decedent.

49. The deliberate indifference, policies, practices, customs and/or usages complained about herein also constituted a violation of plaintiff decedent's constitutional rights as guaranteed under 42 U.S.C. §1983, as are enumerated under the Fourth and Fourteenth Amendments to the United States Constitution, and were a direct and proximate cause of the conduct of defendants Minovich, Costa and John Does as alleged herein, and otherwise did directly and proximately cause the plaintiff's decedent to sustain personal injuries and conscious pain and suffering up until the time of his death, as alleged.

**WHEREFORE,** plaintiff demands judgment against defendants on the Fourth Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00 and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper.

### FIFTH CAUSE OF ACTION
### Negligence (against all defendants)

50. Plaintiff repeats the allegations set forth in paragraphs 1 through 49 of this Complaint as if fully set forth herein at length.

51. Defendants City, NPD, Minovich, Costa and John Does were negligent and

careless in the acts and/or omissions which are set forth above and in the following respects:

    a.    In negligently and carelessly hiring unfit officers, agents and/or employees, including but not limited to defendants Minovich, Costa and John Does;

    b.    In failing to properly and/or adequately train their officers, agents and/or employees including but not limited to defendants Minovich, Costa and John Does; ;

    c.    In failing to properly screen their officers, agents and/or employees, including but not limited to defendants Minovich, Costa and John Does;

    d.    In failing to supervise and/or properly or adequately supervise their officers, agents and/or employees, including but not limited to defendants Minovich, Costa and John Does;

    e.    In negligently and carelessly retaining certain officers, agents and/or employees, including but not limited to defendants Minovich, Costa and John Does, despite actual and/or constructive knowledge of the fact that said defendants were unfit police officers who posed a danger to the public in general.

    f.    In negligently hiring and retaining officers, including but not limited to defendants Minovich and Costa who they knew or should have known to have violent and dangerous propensities creating a risk of bodily harm to others, including but not limited to the plaintiff's decedent;

    g.    In failing to promulgate proper and/or adequate policies, rules and/or regulations so as to ensure that the constitutional rights of individuals such as the plaintiff's decedent were not violated as they were in the instant case;

      h.      In failing to enforce City and NPD polices, rules and/or regulations in effect so as to ensure that the constitutional rights of individuals such as the plaintiff's decedent were not violated as they were in the instant case;

      i.      In negligently and carelessly failing to provide medical treatment, care and/or assistance to the plaintiff's decedent while he was in police custody despite his obvious need for same;

      j.      In negligently and carelessly failing to timely call for emergency medical assistance for the plaintiff's decedent while he was in police custody despite his obvious need for same;

      k.      In negligently and carelessly failing to allow other individuals at the scene of the subject incident to assist the plaintiff's decedent despite their pleas to allow them to do so and despite the plaintiff decedent's obvious need for assistance;

      l.      In negligently and carelessly assaulting and battering the plaintiff's decedent;

      m.      In negligently and unjustifiably using excessive force during the arrest of the plaintiff's decedent;

52.    That the negligent and careless acts set forth above were the direct and proximate cause of the injuries sustained by the plaintiff's decedent and the conscious pain and suffering endured up until the time of his death.

**WHEREFORE,** plaintiff demands judgment against defendants on the Fifth Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00, together with such other and further relief as this Court may deem just and proper.

## SIXTH CAUSE OF ACTION
### Gross Negligence (against all defendants)

53. Plaintiff repeats the allegations set forth in paragraphs 1 through 52 of this Complaint as if fully set forth herein at length.

54. That the defendants' actions and omissions as aforesaid were wanton, willful, reckless and/or malicious and showed a conscious indifference and/or utter disregard for the safety, well being and constitutional rights of the plaintiff's decedent.

55. That the aforesaid wanton, willful, reckless and/or malicious actions and omissions on the part of the defendants was a proximate cause of the within incident's occurrence and the resultant fatal injuries sustained by the plaintiff herein.

56. Defendants' aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of citizens such as the plaintiff's decedent, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future.

**WHEREFORE,** plaintiff demands judgment against defendants on the Sixth Cause of Action of the Complaint, punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper.

## SEVENTH CAUSE OF ACTION
### Wrongful Death on behalf of Estate (against all defendants)

57. Plaintiff repeats the allegations set forth in paragraphs 1 through 56 of this Complaint as if fully set forth herein at length.

58. On October 12, 2006, Warren Lee died as a direct and proximate result of

defendants' combined negligence, carelessness, gross negligence and wrongful and unconstitutional acts as set forth above.

59. On January 10, 2007, Plaintiff William Lee was appointed Administrator Ad Prosequendum of the Estate of Warren Lee.

60. As a direct and proximate result of Defendants' combined negligence, carelessness, gross negligence and wrongful and unconstitutional acts as set forth above, plaintiff's decedent sustained harms, including but not limited to permanent and debilitating injuries, conscious pain and suffering and untimely death.

61. These injuries caused Warren Lee extensive conscious pain and suffering, severe emotional distress and substantially reduced Warren Lee's ability to enjoy life.

62. As a direct and proximate result of Defendants' negligence, carelessness and/or gross negligence and unconstitutional acts as set forth above, plaintiff's decedent Warren Lee was rendered sick, sore, lame and disabled, both internally and externally, ultimately resulting in death. All of said injuries caused Warren Lee intense anxiety, distress, fear, and conscious pain and suffering from the time of the within incident's occurrence to the time of his death, secondary to the physical injury and damages.

63. Plaintiff seeks compensatory damages, funeral costs, medical expenses, burial expenses, expenses relating to the death of Warren Lee and all benefits to which the Estate is entitled pursuant to the Survival Act of the State of New Jersey, N.J.S.A. 2A:15-3, its amendments and supplements.

**WHEREFORE,** plaintiff demands judgment against defendants on the Seventh Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00, together with such other and further relief as this Court may deem just and proper.

## EIGHTH CAUSE OF ACTION
### Wrongful Death on behalf of Survivors (against all defendants)

64. Plaintiff repeats the allegations set forth in paragraphs 1 through 63 of this Complaint as if fully set forth herein at length.

65. This action is being instituted and maintained on behalf of plaintiff decedent's distributes, including but not limited to his surviving daughter, Tiara Lee and his surviving father, William Lee. This action is being instituted and maintained for their benefit pursuant to the provisions of N.J.S.A. 2A:31-1 et seq., commonly known as the Wrongful Death Act.

66. Plaintiffs' decedent left surviving him, inter alia, his daughter Tiara Lee and his father William Lee. His daughter Tiara Lee and father William Lee were dependent upon the decedent. As a result of the death of the decedent, the aforesaid survivors suffered and will in the future suffer harm, loss, injury and damage.

67. Plaintiff's decedent's daughter Tiara Lee and father William Lee received financial assistance, monetary support, parental guidance, nurturing, intellectual, moral and physical training, assistance and services from plaintiff's decedent Warren Lee and were entitled to the continued receipt of same.

68. By reason of the foregoing negligence on the part of the defendants, Tiara Lee and William Lee sustained pecuniary loss and were deprived of the financial assistance, monetary support, parental guidance, nurturing, intellectual, moral and physical training, assistance and services of plaintiff's decedent Warren Lee.

**WHEREFORE,** plaintiff demands judgment against defendants on the Eighth Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00, together with such other and further relief as this Court may deem just and proper.

## NINTH CAUSE OF ACTION
### Relief under 42 U.S.C. §1988

69. Plaintiff repeats the allegations set forth in paragraphs 1 through 68 of this Complaint as if fully set forth herein at length.

70. The actions of defendants were in violation of the Constitution and the laws of the United States and redress may be had thereunder. However, should such laws or Constitution be inadequate or deficient to compensate plaintiff for the wrongful acts of the defendants, plaintiff is entitled, pursuant to 42 U.S.C. §1988, to such additional relief as is applicable under the Constitution and the laws of the State of New Jersey, including but not limited to attorneys fees.

71. Pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:2-2, defendants City and NPD are liable for any such deficiency.

**WHEREFORE,** plaintiff demands judgment against defendants on the Second Cause of Action of the Complaint, compensatory damages in the sum of $10,000,000.00 and all reasonable attorneys fees incurred in the prosecution of this action, together with such other and further relief as this Court may deem just and proper.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly, severally, and in the alternative, as follows:

a. Awarding compensatory damages to Plaintiff and against the defendants in the First Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper ;

b.  Awarding compensatory damages to Plaintiff and against the defendants in the Second Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper ;

c.  Awarding compensatory damages to Plaintiff and against the defendants in the Third Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper ;

d.  Awarding compensatory damages to Plaintiff and against the defendants in the Fourth Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars and punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper ;

e.  Awarding compensatory damages to Plaintiff and against the defendants in the Fifth Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars, together with such other and further relief as this Court may deem just and proper ;

f.  Awarding punitive and exemplary damages in an amount to be determined at trial that is appropriate to punish Defendants and deter them from similar conduct in the future, together with such other and further relief as this Court may deem just and proper ;

g.  Awarding compensatory damages to Plaintiff and against the defendants in the Seventh Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars, together with such

    other and further relief as this Court may deem just and proper ;

**h.** Awarding compensatory damages to Plaintiff and against the defendants in the Eighth Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars, together with such other and further relief as this Court may deem just and proper ;

**i.** Awarding compensatory damages to Plaintiff and against the defendants in the Seventh Cause of Action in the sum of Ten Million ($10,000,000.00) Dollars and all reasonable attorneys fees incurred in the prosecution of this action together with such other and further relief as this Court may deem just and proper ;

**j.** Awarding the costs and expenses of this litigation to Plaintiff;

**k.** Awarding pre-judgment and post-judgment interest to Plaintiff;

**l.** Awarding reasonable attorneys' fees and costs to Plaintiffs as provided by law; and

**m.** Granting such other relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

    Pursuant to New Jersey Court Rule 4:25-4, Christopher A. Seeger is designated as trial counsel for the plaintiffs in the above matter.

## DEMAND FOR DISCOVERY AND INSPECTION

    Pursuant to New Jersey Court Rule 4:10-2(b), demand is made that defendant disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance

agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include not only primary coverage, but also all excess, catastrophe and umbrella policies.

## DEMAND FOR INTERROGATORIES

Pursuant to R. 4:17-(b)(ii) the plaintiffs hereby demand that defendant answer the uniform interrogatories listed in Form C and C(1) of Appendix II of the Rules of Court.

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff demands a trial by jury of six persons on all issues.

Dated:  October 11, 2007

SEEGER WEISS LLP

By: _____
Christopher A. Seeger
Attorneys for Plaintiff
550 Broad Street
Newark, New Jersey 07102
Attorneys for Plaintiffs
(973) 639-9100